**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

ALEXANDRA MICHELLE AMAYA,
PAULA JENNIFER ORTEGA, and
ERIKA MARIANY CARDENAS,

    Plaintiffs,

v.

AMSTERDAM RESTAURANT, INC.,
ALAA ALSAFADI,
OMAR ALSAFADI, and
SALEEM ALSAFADI,

    Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs ALEXANDRA MICHELLE AMAYA ("Amaya"), PAULA JENNIFER ORTEGA ("Ortega"), and ERIKA MARIANY CARDENAS ("Cardenas") bring this action against Defendants AMSTERDAM RESTAURANT, INC. ("AR"), ALAA ALSAFADI ("Alaa"), OMAR ALSAFADI ("Omar"), and SALEEM ALSAFADI ("Saleem") and allege as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs were residents of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, AR was a Florida corporation that regularly transacted business in Broward County, Florida.

1

4. Upon information and belief, AR's gross sales or business generated was over $500,000 per year at all times material hereto.

5. AR has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

6. AR was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

7. Alaa is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of AR, ran the day-to-day operations, had operational control over AR, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

8. Omar is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of AR, ran the day-to-day operations, had operational control over AR, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

9. Saleem is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of AR, ran the day-to-day operations, had operational control over AR, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

10. AR operates a business engaged in restaurant and nightclub operations.

11. Amaya worked for Defendants as a server.

12. Ortega worked for Defendants as a server.

13. Cardenas worked for Defendants as a server.

14. Defendants failed to pay Amaya's full and proper minimum wages.

15. Defendants failed to pay Ortega's full and proper minimum wages.

16. Defendants failed to pay Cardenas' full and proper minimum wages.

17. Defendants failed to pay Amaya's full and proper overtime wages.

18. Defendants failed to pay Ortega's full and proper overtime wages.

19. Defendants failed to pay Cardenas' full and proper overtime wages.

20. Amaya customarily and regularly received more than $30 a month in tips and, therefore, was a tipped employee as defined by 29 U.S.C. 203(t).

21. Amaya received tips and Defendants kept them and illegally retained them.

22. Defendants improperly withheld and misappropriated tips belonging to Amaya in violation of 29 U.S.C. 203(m)(2)(B).

23. Ortega customarily and regularly received more than $30 a month in tips and, therefore, was a tipped employee as defined by 29 U.S.C. 203(t).

24. Ortega received tips and Defendants kept them and illegally retained them.

25. Defendants improperly withheld and misappropriated tips belonging to Ortega in violation of 29 U.S.C. 203(m)(2)(B).

26. Cardenas customarily and regularly received more than $30 a month in tips and, therefore, was a tipped employee as defined by 29 U.S.C. 203(t).

27. Cardenas received tips and Defendants kept them and illegally retained them.

28. Defendants improperly withheld and misappropriated tips belonging to Cardenas in violation of 29 U.S.C. 203(m)(2)(B).

29. Defendants failed to pay Amaya's full and proper tips.

30. Defendants failed to pay Ortega's full and proper tips.

31. Defendants failed to pay Cardenas' full and proper tips.

32. Defendants knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

33. Attached as **Exhibit A** is a preliminary calculation of Amaya's claims including date ranges, hours worked, rates of pay, unpaid wages, and unpaid tips; these amounts may change as Plaintiffs engage in the discovery process.

34. Attached as **Exhibit B** is a preliminary calculation of Ortega's claims including date ranges, hours worked, rates of pay, unpaid wages, and unpaid tips; these amounts may change as Plaintiffs engage in the discovery process.

35. Attached as **Exhibit C** is a preliminary calculation of Cardenas' claims including date ranges, hours worked, rates of pay, unpaid wages, and unpaid tips; these amounts may change as Plaintiffs engage in the discovery process.

36. Plaintiffs retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

37. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-36 above as if set forth herein in full.

38. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiffs are entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, (iii) unpaid tips, and (iv) liquidated damages.

39. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:	(786) 924-9929
Fax:	(786) 358-6071
Email: ekoz@kozlawfirm.com

*/s/ Elliot A. Kozolchyk*
_____
Elliot Kozolchyk, Esq.
Florida Bar No. 74791
Dillon Cuthbertson, Esq.
Florida Bar No. 1056382