UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:25-cv-60103

ALEXANDREA MICHELLE AMAYA,
PAULA JENNIFER ORTEGA, ERIKA
MARIANY CARDENAS, HELENA
DOMINGUEZ, RICET DELGADO,
RACHEL CARIDAD JIMENEZ,
DEICY JOHNAN SANTA MARIA
RESTREPO, JANI HERNANDEZ and
GABRIELA RODRIGUEZ,

     Plaintiffs,

vs.

AMSTERDAM RESTAURANT, INC.,
ALLA ALSAFADI, OMAR ALSAFADI
and SALEEM ALSAFADI,

     Defendants.

_____/

## DEFENDANTS, AMSTERDAM RESTAURANT, ALAA ALSAFADI, OMAR ALSAFADI, AND SALEEM ALSAFADI'S OMNIBUS ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Defendants, AMSTERDAM RESTAURANT, INC., ALLA ALSAFADI, OMAR ALSAFADI, and SALEEM ALSAFADI through counsel files this their omnibus answer and affirmative defenses to Plaintiff's one (1) count complaint, and in support state:

1. Admit.

2. Admit, only that Plaintiffs were employees, deny the remainder of paragraph 2.

3. Admit.

4. Deny.

5. Deny.

6. Deny.

CASE NO.: 0:25-cv-60103

7.      Deny

8.      Deny.

9.      Deny.

10.     Admit.

11.     Admit.

12.     Admit.

13.     Admit.

14.     Admit.

15.     Admit.

16.     Admit.

17.     Admit.

18.     Admit.

19.     Admit.

20.     Admit.

21.     Deny.

22.     Deny.

23.     Deny.

24.     Deny.

25.     Deny.

26.     Deny.

27.     Deny.

28.     Deny.

CASE NO.: 0:25-cv-60103

29.     Deny.

30.     Deny.

31.     Deny.

32.     Deny.

33.     Deny.

34.     Deny.

35.     Deny.

36.     Deny.

37.     Deny.

38.     Deny.

39.     Deny.

40.     Deny.

41.     Deny.

42.     Deny.

43.     Deny.

44.     Deny.

45.     Deny.

46.     Deny.

47.     Deny.

48.     Deny.

49.     Deny.

50.     Deny.

CASE NO.: 0:25-cv-60103

51.     Deny.

52.     Deny.

53.     Deny.

54.     Deny.

55.     Deny.

56.     Deny.

57.     Deny.

58.     Deny.

59.     Deny.

60.     Deny.

61.     Deny.

62.     Deny.

63.     Deny.

64.     Deny.

65.     Deny.

66.     Deny.

67.     Deny.

68.     Deny.

69.     Deny.

70.     Deny.

71.     Deny.

72.     Deny.

CASE NO.: 0:25-cv-60103

73.    Deny.

74.    Deny.

75.    Deny.

76.    Deny.

77.    Deny.

78.    Deny.

79.    Deny.

80.    Deny.

81.    Deny.

82.    Without knowledge, and thus deny.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS

## ACT AGAINST ALL DEFENDANTS:

83.    That Defendants reallege and readopt their responses in paragraphs 1 through 82, a though fully set forth herein.

84.    Deny.

85.    Deny.

## AFFIRMATIVE DEFENSES:

86.    That as a first affirmative defense, the individual Defendants assert the Plaintiffs are unable to prove by competent evidence they exercised sufficient control over the over the enterprise to qualify as statutory employees under the totality of circumstances test.  In short, these Defendants were not "employers" within the meaning of 29 U.S.C. 203(d).

5

87.     That as a second affirmative defense, all Defendants assert that the Plaintiffs claims are barred in whole or part by either the two year (29 U.S.C. section 255(a)) statute of limitations, unless willful violations are proven by a preponderance of evidence that the employer knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was. Morgan v. Family Dollar Stores, 551 F. 3d 1322 ( 11th Cir. 2008). Gelber v. Akal Sec. Inc., 14 F. 4th 1279 ( 11th Cir. 2021).

88.     That as a third affirmative defense all Defendants assert that they acted at all times material in good faith and any act or omission was in good faith and based upon reasonable grounds for believing any act or omission was not a violation of the FLSA. Alvarez Perez v. Sanford – Orlando Kennel Club, 515 F. 3d 1150 ( 11th Cir. 2008).  In short, it would be unfair under the facts to impose anything, if at all , but a compensatory verdict as the defense of good faith exists.

89.     That as a fourth affirmative defense, Defendants assert that Plaintiffs were properly compensated in accordance with applicable law, including proper application of tip credits, and overtime provisions, if applicable, and where applicable.  In sum, Plaintiffs cannot, yet and must first establish that Defendants actually retained tips improperly rather than applying Plaintiffs attempt, to unlawful tip credit claims.

90.     That as a fifth affirmative defense, Defendants assert Plaintiffs fail to state a claim (cause of action) upon which relief can be granted.  Plaintiffs' conclusory allegations of willfulness are unsupported by specific factual allegations demonstrating knowledge of FLSA violations or reckless disregard are insufficient as is, the mere allegation that "Defendants knowingly and willfully refused to pay wages" under 11th Circuit precedent requiring proof that the employer either knew its conduct was prohibited or showed reckless disregard. Morgan v. Family Dollar Stores, 551

6

CASE NO.: 0:25-cv-60103

F. 3d. 1233 (11ᵗʰ Cir. 2008).

91.     That Defendants have retained undersigned counsel to represent them in this action and are obligated to pay them a reasonable attorneys' fees and costs.

WHEREFORE, Defendants file this their omnibus answer and affirmative defenses to the Plaintiffs' amended complaint (Doc. 30) reserving the right to amend the above affirmative defenses prior to trial upon proper notice to Plaintiffs and/or permission of the trial court, request that the court enter judgment in their favor, award taxable costs and prevailing party's attorneys' fees, interest, to Defendants under applicable law, to include pursuant to 29 U.S.C. section 216 (b), and furthermore, demand trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE ON THE FOLLOWING PAGE

7

CASE NO.: 0:25-cv-60103

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by email to Dillon Cuthbertson, Esquire, Koz Law, P.A., 800 East Cypress Creek Road, Suite 421, Fort Lauderdale, Florida 3334  Email: dc@kozlawfirm.com   this 1st day of April, 2026.

**THE LAW OFFICES OF STUART N. KAPLAN, P.A.**
PGA Financial Plaza
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile:  (561) 296-7919
By: /s / *Stuart N. Kaplan*
STUART N. KAPLAN, ESQUIRE
Florida Bar No.:647934
Email: skaplan@stuartnkaplanpa.com
Secondary Email: rbailey@stuartnkaplanpa.com
*Attorney for the Defendant*

**THE LAW OFFICES OF THOMAS J. ALI, P.A.**
PGA Financial Plaza
3399 PGA Boulevard, Suite 150
Palm Beach Gardens, Florida 33410
Telephone: (561) 296-7900
Facsimile: (561) 296-7919
By: /s/ *Thomas J. Ali*
THOMAS J. ALI, ESQUIRE
Florida Bar No.: 0370746
Email: tali@stuartnkaplanpa.com
Secondary Email: rbailey@stuartnkaplanpa.com